■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SANCHEZ, Appellant.—Motion by the defendant for reargument of an appeal from a sentence of the Supreme Court, Queens County (Zelman, J.), imposed June 10, 1985, which was determined by decision and order of this court (one paper) dated October 14, 1986.

Ordered that the motion is granted and upon reargument, the decision and order of this court, dated October 14, 1986, is recalled and vacated and the following decision and order (one paper) is substituted therefor:

Appeal by the defendant from a sentence of the Supreme Court, Queens County (Zelman, J.), imposed June 10, 1985, upon his conviction of attempted rape in the first degree.

Justice Bracken has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the sentence is modified, on the law, by vacating the sentence imposed in connection with the crime of endangering the welfare of a child; as so modified, the sentence is affirmed.

The record reveals that, pursuant to a plea bargain, the defendant pleaded guilty solely to the crime of attempted rape in the first degree in complete satisfaction of an indictment charging him with rape in the first degree and endangering the welfare of a child.

Nevertheless, after sentencing the defendant on the rape count, the court imposed a sentence of a concurrent determinate term of one year imprisonment with respect to the count of endangering the welfare of a child. The defendant, however, entered no plea of guilty to that crime. Accordingly, the determinate sentence of one year imprisonment imposed upon the defendant with respect to that crime must be vacated.

Contrary to the defendant's contentions, the sentence imposed in connection with the attempted rape count was not excessive. Mollen, P. J., Bracken, Kooper and Spatt, JJ., concur.